# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ALIEU JATTA,

        Petitioner,

v.

LOWELL CLARK, et al.,

        Respondents.

Case No. C19-2086-BJR-MAT

ORDER GRANTING TEMPORARY STAY OF REMOVAL

      This is a 28 U.S.C. § 2241 immigration habeas action. Petitioner is in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Petitioner is subject to a final order of removal to the Republic of the Gambia and ICE has obtained a travel document to facilitate his removal. (*See* Removal Order (Dkt. # 11).) Currently before the court is petitioner's emergency motion asking the court to stay his removal and order his release so he can participate in an arbitration hearing scheduled for March 2, 2020. (Mot. (Dkt. # 8).) The Government has filed an opposition and supporting evidence. (Oppo. (Dkt. ## 9-11).) Having reviewed the parties' submissions and the balance of the record, the court ORDERS:

//

ORDER GRANTING TEMPORARY
STAY OF REMOVAL - 1

1    (1) Petitioner's request for release is DENIED. Petitioner argues that "fundamental fairness" requires the court to temporarily release him from immigration detention so he can prepare for and attend a March 2, 2020 arbitration hearing. Petitioner's attorney for the arbitration, Jennifer Robbins, has submitted a declaration stating that it would be extremely prejudicial if he does not appear in person because credibility will be a central issue in the case and because petitioner will need to hear the evidence against him, assist her during breaks in the proceedings to evaluate and respond to evidence, and to prepare for the examination of other witnesses. (Robbins Decl. (Dkt. # 8-1) at 13.) She also attests that it would be burdensome for her to travel to the NWIPC to work with him in-person to prepare for the hearing. (*Id.*)

Whether the court reviews this claim for a likelihood of success or serious questions going to the merits, it fails as petitioner has not offered any lawful basis for the court to order ICE to release him from custody so he can attend the arbitration; "fundamental fairness" is insufficient to obtain the relief he requests. Moreover, Ms. Robbins's concerns are mitigated by the Government's representation, through counsel, that ICE has exercised its prosecutorial discretion and determined that petitioner "may use the attorney client conference room at the facility to meet with his Union representation and/or counsel and that the arbitration can be held in this room as well." (Dkt. # 6 at 3-4.) Alternatively, ICE has offered to allow petitioner to appear for his arbitration hearing by telephone. (*Id.* at 4.) Thus, accommodations appear to be available to lessen the impact of petitioner's detention on the arbitration hearing.

(2) Petitioner seeks a stay of removal, claiming, *inter alia*, that his arrest, detention, and removal violate the Immigration and Nationality Act and the Fifth Amendment Due Process Clause and that he has a statutory right to pursue an application for adjustment of status. The briefing currently before the court is insufficient to resolve these questions on an expedited basis.

In light of the irreparable harm to petitioner should he be removed before the court has an opportunity to obtain additional briefing and review the merits of these claims, the court temporarily STAYS his removal and transfer from this district. The court expresses no views at this time as to the merits of petitioner's habeas petition, request for stay of removal, or request for stay of transfer.

(3) On or before **February 28, 2020**, the Government shall file a more complete response to the motion to stay. This response should include a discussion of (a) whether the court has jurisdiction to consider petitioner's claims that his arrest, detention, and removal violate the Immigration and Nationality Act and the Fifth Amendment Due Process Clause, that he has a right to participate in his arbitration hearing prior to his removal, and that he has a statutory right to pursue an application for adjustment of status, and (b) assuming *arguendo* the court has jurisdiction, the merits on these claims.

(4) Petitioner may file a reply on or before **March 6, 2020**.

(5) The Clerk is directed to RE-NOTE petitioner's emergency motion (Dkt. # 8) for March 6, 2020, and to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 14th day of February, 2020.

JAMES L. ROBART
United States District Judge

Recommended for Entry this
14th day of February, 2020.

/s/ Mary Alice Theiler
MARY ALICE THEILER
United States Magistrate Judge

ORDER GRANTING TEMPORARY
STAY OF REMOVAL - 3