UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALIEU JATTA,

                 Petitioner,

    v.

LOWELL CLARK, et al.,

                 Respondents.

Case No. C19-2086-MJP-MAT

ORDER

Having reviewed the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 18), the Parties' objections and responses thereto (Dkt. Nos. 20, 21, 22, and 23), and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS IN PART the Report and Recommendation, as explained below;

(2) The Government's motion to dismiss for lack of jurisdiction (Dkt. No. 6) is DENIED as to Petitioner's claims related to (a) his application for a provisional unlawful presence waiver and (b) his arrest and detention, and the motion is GRANTED as to the remaining claims;

(3) Petitioner's motion for a stay of removal and release from custody (Dkt. No. 8) is GRANTED, as explained below;

ORDER - 1

1     (4)    Petitioner's removal is STAYED until further order of the Court; and

2     (5)    This matter is RE-REFERRED to Judge Theiler for further proceedings;

I.    <u>RULING ON OBJECTIONS TO THE REPORT AND RECOMMENDATION</u>

The Parties have each filed objections to the Report and Recommendation. The Court adopts the Report and Recommendation over these objections, except as to Jatta's objections to his continued detention. As the Court explains below, it ORDERS the immediate release of Jatta subject to reasonable conditions of supervised release without bond.

A.    <u>Jurisdiction under 8 U.S.C. § 1252(g)</u>

Jatta objects to the Report and Recommendation's conclusion that 8 U.S.C. § 1252(g) forecloses jurisdiction over his provisional wavier application and his adjustment of status efforts. The Court does not find merit in Jatta's objections and adopts the Report and Recommendation on this issue.

B.    <u>Suspension Clause</u>

Jatta objects to the Report and Recommendation's determination that IIRIRA's jurisdictional bar to his adjustment of status claim does not violate the Suspension Clause. The Report and Recommendation's reasoning on this topic is sound. Jatta has not shown that he would not be able to pursue an adjustment of status if removed from this country. In his objections to the Report and Recommendation, Jatta cites to one case which he claims supports the notion that an adjustment of status would not be permitted if he were removed. <u>See</u> <u>Sied v. Nielsen</u>, No. 17-cv-06785-LB, 2018 WL 1142202 (N.D. Cal. Mar. 2, 2018). But the court in <u>Sied</u> did not hold that there is a legal bar to pursuing a motion to reopen from abroad. Rather, the court held that on the record before it, the petitioner faced a great risk of serious harm or death if deported, which could have made it functionally impossible for him to pursue an adjustment of

ORDER - 2

status from abroad. The findings in <u>Sied</u> do not apply to the record before the Court. The Court adopts the Report and Recommendation on this issue.

C.      Release from Detention

Jatta challenges the Report and Recommendation's determination that he should not be released pending the resolution of this matter. Respondents provide no response to Jatta's objection on this issue, and the Court agrees with Jatta's objections.

The Report and Recommendation, which issued on July 17, 2020, determined that release from detention was not permissible because the government had grounds for continued detention under 8 C.F.R. § 241.13(i)(2)—there was "a significant likelihood that the [noncitizen] may be removed in the reasonable foreseeable future." (R&R at 32 (Dkt. No. 18 at 32).)

But Jatta's continued detention is no longer valid under 8 C.F.R. § 241.13(i)(2) because there is no significant likelihood of his removal in the reasonably foreseeable future. The travel documents that the Government obtained expired in April 2020, and there is no evidence that removal to Gambia is possible. Further the Court's stay of removal forbids removal during the pendency of this action. There is thus no evidence before the Court that there is a significant likelihood of removal in the reasonably foreseeable future. Jatta has now been detained at the Northwest ICE Processing Center for approximately one year. Based on the record, the Court has authority to order Jatta's release: "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." <u>Zadvydas v. Davis</u>, 533 U.S. 678, 699-700 (2001). The Court finds release from custody both appropriate and just based on the record before it and ORDERS Jatta to be immediately released from detention.

As the Supreme Court has instructed, the "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien

ORDER - 3

may no doubt be returned to custody upon a violation of those conditions." Zadvydas, 533 U.S. at 700. There is nothing in the record to suggest that Jatta is a danger to the community or a flight risk. Respondents are again silent on this issue. At the last bond hearing, the immigration judge did not find Jatta was a danger to the community, but concluded he was a flight risk. The Court is not convinced that Jatta poses a flight risk given that he has a wife and three children in his care and is pursuing a path to remain in this country lawfully with his family. Nor does the Court find a bond necessary to secure his commitment to comply with supervised release. The record demonstrates that Jatta spent 12 years fully compliant with supervised release with U.S. Immigration and Citizenship Enforcement (ICE) without bond. The Court therefore ORDERS that ICE craft reasonable conditions of Jatta's supervised release consistent with 8 C.F.R. § 241.5 without bond for the pendency of this case. ICE may not delay Jatta's immediate release while it makes its determination on the conditions of supervised release. And the Court will retain jurisdiction to hear any challenge Jatta may bring as to the conditions ICE imposes.

D.     New Supreme Court Authority

Respondents argue that a recent Supreme Court case compels a finding that the IIRIRA does not violate the Suspension Clause. (Respondents' Obj'ns to R&R at 2 (Dkt. No. 20) (citing Dep't of Homeland Sec. v. Thuraissigiam, ___ S.Ct. ___, 2020 WL 3454809 (June 25, 2020)). Respondents did not file a notice of supplemental authority concerning this case before Judge Theiler issued the Report and Recommendation. Judge Theiler noted as much, and given the Parties' silence, did not consider it. (See R&R at 23 n.6. (Dkt. No. 18 at 23 n.6).)

Respondents now argue that Thuraissigiam bars any habeas relief that would "permit a petitioner to claim the right to enter or remain in a country or to obtain administrative review potentially leading to that result." (Respondents' Obj'ns at 2 (Dkt. No. 20 at 2) (quoting

ORDER - 4

Thuraissigiam, 2020 WL 3454809, at * 7).) Jatta correctly points out that the facts render Thuraissigiam inapposite. In Thuraissigiam, the petitioner was apprehended at the border and effectively detained outside of the United States. He did not challenge the legality of his detention or seek release from confinement. In other words, Thuraissigiam was using the writ to obtain entry into the United States. But Jatta has been in the United States and is using the writ to challenge the legality of his detention and to seek his release while he engages in the provisional waiver process. The relief Jatta pursues has been recognized as protected by the writ of habeas corpus. See INS v. St. Cyr, 533 U.S. 289, 304-305 (2001). There is nothing in the Supreme Court's opinion in Thuraissigiam that suggests the writ cannot apply to Jatta's challenge to what he claims is an unlawful detention and effort to remove him while his applications for a provisional waiver are pending. Removal while the applications are pending would violate Jatta's due process rights and his rights under the INA. The Court declines to adopt the Respondents' objections.

E.      Respondent's Objections to Stay

Respondents argue that Jatta is not entitled to a stay because he is not "prima facie" eligible to apply for relief under the Form I-601 because there is removal order pending against him. This argument has no merit.

First, the Government is incorrect that the Form I-601 is the only provisional unlawful waiver process. As Jatta correctly notes, the I-212 and the I-601 are separate steps in the provisional unlawful waiver process, as the Report and Recommendation correctly outlines. (See R&R at 20 (Dkt. No. 18 at 20).)

Second, as Judge Theiler correctly notes, the Court does have authority to stay a removal while the petitioner pursues the unlawful waiver process. (R&R at 29-30 (Dkt. No. 18 at 29-30).)

ORDER - 5

In fact, Respondents never "address[ed] the merits of Petitioner's provisional waiver application claim in its briefing." (Id. at 29.) Jatta's I-601 and I-212 petitions are still pending, which suggests a stay is still appropriate and necessary.

Third, Respondents suggest that allowing a stay would encourage delay to "frustrate the delay process." (Respondents' Obj'ns to R&R at 7 (Dkt. No. 20 at 7).) This argument has no merit because there is no evidence that Jatta is abusing the process. He is entitled to a stay in order to vindicate his rights and any delay in the removal is simply a natural consequence of ensuring his due process rights and rights under the INA.

The Court adopts the Report and Recommendation as to the issuance of the stay.

## II.  CONCLUSION

The Court ADOPTS the Report and Recommendation except as to the release of Jatta from detention. The Court DENIES Respondents' motion to dismiss for lack of jurisdiction (Dkt. No. 6) as to Petitioner's claims related to (a) his application for a provisional unlawful presence waiver and (b) his arrest and detention, and GRANTS the motion as to the remaining claims. The Court GRANTS Petitioner's motion for a stay of removal and release from custody (Dkt. No. 8). The Court ORDERS Jatta to be released immediately with conditions to be set by ICE consistent with this Order. The Court STAYS Petitioner's removal until further order of the Court. And the Court RE-REFERS this matter to Judge Theiler for further proceedings.

The Clerk is directed to send copies of this Order to the parties and to Judge Theiler.

Dated this 5th day of December, 2020.

MARSHA J. PECHMAN
United States District Judge

ORDER - 6