UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALIEU JATTA,

           Petitioner,

    v.

LOWELL CLARK, et al.,

           Respondents.

CASE NO. C19-2086 MJP

ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on Respondents' Motion to Dismiss as Moot. (Dkt. No. 36.) Having reviewed the Motion, the Response (Dkt. No. 38), the Reply (Dkt. No. 39), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

The Court previously adopted in part Magistrate Judge Theiler's Report and Recommendation. (Dkt. No. 24.) In its Order, the Court agreed with the Report and Recommendation's determination that the Court has jurisdiction over Petitioner Alieu Jatta's claims related to his application for provisional wavier and that the removal order should be

1  stayed until further notice. (See id. at 5-6.) The Court then ordered Jatta released pending the
2  completion of his provisional waiver application, subject to reasonable terms of supervised
3  release crafted by ICE. (Id. at 4.)

**ANALYSIS**

Respondents now argue that because Jatta has been released from custody and that his I-212 waiver application has been denied, the case is moot. The Court disagrees.

"A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quotation omitted). The party asserting mootness bears a "heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again." Id. (quotation omitted).

Here, the underlying provisional waiver application process remains ongoing and the stay imposed by the Court remains necessary. As the Court's Order and the Report and Recommendation make clear, the provisional waiver application process relevant here contains three contingent steps: (1) application for and approval of a Form I-130; (2) application for and approval of a Form I-212; and (3) then application for and approval of a Form I-601A. (See Report and Recommendation at 20-21 (Dkt. No. 18).) Jatta has completed the first step, but a final determination on the second step remains unresolved due to a pending appeal. (See Dkt. No. 38 at 3.) As such, the record shows that the provisional waiver process remains ongoing. Until that process is complete, the grounds for the stay remain valid and the claims Jatta pursues are not moot.

The Court is also unconvinced that Jatta's release from custody pending the completion of the provisional waiver application process moots this case. Jatta remains subject to an order of

final removal and he is subject to ICE's conditions on his release pending the final decision on the provisional waiver application. And Respondents make no indication that they will not detain or seek to remove Jatta while the provisional wavier application process remains ongoing. As such, his habeas claims remain live. See <u>Nakaranurack v. United States</u>, 68 F.3d 290, 293 (9th Cir. 1995) ("We have broadly construed 'in custody' to apply to situations in which an alien is not suffering any actual physical detention; i.e., so long as he is subject to a final order of deportation, an alien is deemed to be 'in custody' for purposes of the INA, and therefore may petition a district court for habeas review of that deportation order.").

Lastly, the Court rejects Respondents' arguments regarding jurisdiction that were asserted for the first time in the reply. (<u>See</u> Dkt. No. 39 at 3-6.) Not only are these arguments improperly raised on reply, they have already been considered and rejected. (<u>See</u> Dkt. No. 18 at 25-26.) The Court continues to find that it has jurisdiction.

**CONCLUSION**

The Court finds that the underlying dispute remains an active case and controversy over which it has jurisdiction. The Court DENIES the Motion to Dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 31, 2022.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION TO DISMISS - 3