UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIEU JATTA,<br><br>    Petitioner,<br><br> v.<br><br>LOWELL CLARK, et al.,<br><br>    Respondent. | Case No. C19-02086-MJP-SKV<br><br>ORDER DIRECTING STATUS REPORTS |

  This is a 28 U.S.C. § 2241 immigration habeas action. By order dated December 5, 2020, the Hon. Marsha J. Pechman denied Respondent's motion to dismiss with respect to Petitioner's claims related to his application for a provisional unlawful presence waiver and his arrest and detention. Dkt. 24. Judge Pechman further granted Petitioner's motion for a temporary stay of removal and release from custody finding that "the Court does have authority to stay a removal while the petitioner pursues the unlawful waiver process." *Id.* Judge Pechman found that Petitioner's "I-601 and I-212 petitions [related to the provisional waiver process] are still pending, which suggests a stay is still appropriate and necessary[.]" *Id.* Judge Pechman accordingly ordered Petitioner's release from detention and stayed Petitioner's removal until further order of the Court. *Id.*

ORDER DIRECTING STATUS REPORTS - 1

Respondent subsequently moved to dismiss the instant action as moot on the grounds that Petitioner had already been granted relief in the form of release from detention and a stay of removal while he pursues his provisional waiver application. Dkt. 36. Petitioner opposed the motion, agreeing that Petitioner had been granted release from detention and a stay of removal pending the completion of the provisional waiver process, but arguing that the case was not moot unless the Government agreed it would not remove or take Petitioner back into custody during the pendency of the provisional waiver process. Dkt. 38.

Judge Pechman subsequently denied Respondent's motion to dismiss, noting that "the record shows that the provisional waiver process remains ongoing …[and] [u]ntil that process is complete, the grounds for the stay remain valid and the claims [Petitioner] pursues are not moot." Dkt. 40. The Court further noted that Petitioner remains subject to an order of final removal, that "he is subject to ICE's conditions on his release pending the final decision on the provisional waiver application", and that "Respondents make no indication that they will not detain or seek to remove [Petitioner] while the provisional waiver application process remains ongoing. As such, his habeas claims remain live." *Id.*

In accordance with Judge Pechman's orders, it is hereby ORDERED:

(1) The parties are directed to submit a joint status report every sixty (60) days regarding the status of Petitioner's provisional waiver application process.

(2) The parties shall notify the Court within fourteen (14) days of the completion of Petitioner's provisional waiver application process.

(3) Upon notification that the provisional waiver application process is complete, the Court will take further appropriate steps.

ORDER DIRECTING STATUS REPORTS - 2

(4) The Clerk is directed to send copies of this order to the parties and to the Honorable Marsha J. Pechman.

Dated this 16th day of September, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge